# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSE MENDEZ**                                          **CIVIL ACTION**

**VERSUS**                                              **NO. 18-2728**

**W. SANDY MCCAIN, WARDEN**                              **SECTION "G"(2)**

## ORDER AND REASONS

Before the Court are Petitioner Jose Mendez's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous grounds for relief.[2] The Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

## I. Background

### A.    *Factual Background*

On January 17, 2012, Petitioner was charged by felony Bill of Information in the 24th Judicial District Court for the Parish of Jefferson with Possession of Twenty-Eight to Two

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 3.

[3] Rec. Doc. 16.

[4] Rec. Doc. 22.

Hundred Grams of Cocaine in violation of Louisiana Revised Statute § 40:967(F) ("Count One") and Possession of Viagra without a Prescription in violation of Louisiana Revised Statute § 40:1238.1 ("Count Two").[5] On January 31, 2012, the defense filed a motion to suppress evidence.[6] After a hearing on November 15, 2012, the state trial court denied the motion to suppress evidence.[7] On March 1, 2013, the defense filed a motion to continue the trial to locate a witness; the state trial court denied the motion on March 11, 2013.[8] On March 4, 2013, the defense filed a motion for disclosure of the identity of a confidential informant; the state trial court denied the motion on March 11, 2013.[9]

Following a jury trial on March 12 and 13, 2013, Petitioner was found guilty as charged.[10] On April 1, 2013, the state trial court sentenced Petitioner to twenty years imprisonment at hard labor on each count to run consecutively with another sentence for a probation violation.[11] On April 3, 2013, the state trial court vacated the sentence and sentenced Petitioner to twenty years imprisonment at hard labor as to Count One and five years imprisonment as to Count Two, with both sentences to be served concurrently.[12] On May 28, 2013, the state filed a Multiple Offender Bill of Information charging Petitioner as a second felony offender.[13] The same day, Petitioner

---

[5] State Rec., Vol. I of VI, Bill of Information, January 17, 2012.

[6] State Rec., Vol. I of VI, Omnibus Motions and Order for Pre-Trial Motions, January 31, 2012. The motion to suppress was filed as part of an omnibus motion.

[7] State Rec., Vol. I of VI, Minute Entry, November 15, 2012.

[8] State Rec., Vol. I of VI, Motion to Continue Trial, March 1, 2013. State Rec., Vol. I of VI, Minute Entry, March 3, 2012.

[9] State Rec., Vol. I of VI, Minute Entry, March 11, 2013.

[10] State Rec., Vol. I of VI, Trial Minutes, March 12–13, 2013.

[11] State Rec., Vol. II of VI, Sentencing Minutes, April 1, 2013.

[12] State Rec., Vol. I of VI, Sentencing Minutes, April 3, 2013.

[13] State Rec., Vol. I of VI, Multiple Bill of Information, Hearing Minutes, May 28, 2013.

pled guilty to the multiple offender charge.[14] The state trial court vacated Petitioner's previous sentence as to Count One and sentenced Petitioner as a second felony offender to twenty-five years imprisonment at hard labor without the benefit of probation or suspension of sentence.[15]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Petitioner's appellate counsel filed an *Anders* brief indicating that counsel had not found a non-frivolous issue to raise on appeal and a motion to withdraw as counsel of record.[16] Thereafter, Petitioner filed a *pro se* brief raising three issues: (1) the hearsay statements of Toni Stein and Kenneth Yokum were unreliable and insufficient evidence supported his convictions; (2) the state trial court erred when it allowed the hearsay statements of Toni Stein and Kenneth Yokum to be admitted into evidence in violation of the Confrontation Clause; (3) the trial court erred in failing to provide Petitioner with an interpreter.[17] On April 23, 2014, the Louisiana Fifth Circuit affirmed Petitioner's convictions, finding there were no non-frivolous issues for appeal, Petitioner's Confrontation Clause claim was procedurally barred due to trial counsel's failure to object contemporaneously, and his other claims were without merit.[18] On January 9, 2015, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[19]

---

[14] *Id.*

[15] *Id.*

[16] State Rec., Vol. IV of VI, Appellant Brief, December 2, 2013. *See Anders v. California*, 386 U.S. 738 (1967).

[17] State Rec., Vol. IV of VI, Pro Se Brief, January 30, 2014.

[18] *State v. Mendez*, 13-KA-909 (La. App. 5 Cir. 4/23/14); 140 So. 3d 284. The Louisiana Fifth Circuit amended Petitioner's sentence to delete a $50,000 fine. *Id.*

[19] *State v. Mendez*, 14-KO-1085 (La. 1/9/15); 157 So. 3d 596. Petitioner's conviction became final 90 days later, on April 9, 2015, when the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.

On July 17, 2015, Petitioner submitted an application for post-conviction relief to the state trial court.[20] Petitioner raised the following claims on post-conviction relief: (1) the affidavit submitted in support of the search warrant was unreliable, resulting in an illegal search and seizure; (2) trial counsel provided ineffective assistance by failing to properly prepare for trial, interview and subpoena witnesses, adequately move for a continuance of trial or seek appellate review when a continuance was denied, move to compel the disclosure of the informant and contest false statements made in the application underlying the search warrants during the suppression hearing, discuss the options available to contest the multiple offender bill, object to the unconstitutional predicate offense at the multiple offender hearing, and require sufficient proof for an adjudication of guilt; (3) appellate counsel provided ineffective assistance for failing to assert claims relating to the multiple offender proceedings, including ineffective assistance of counsel at the proceedings, and the falsity of statements contained in the affidavit submitted in support of the search warrants; (4) the state trial court violated Petitioner's confrontation and compulsory process rights when it failed to order disclosure of the identity of the confidential informant; and (5) Petitioner's plea to a predicate offense of the multiple offender bill was not knowing and voluntary.[21]

On August 19, 2015, the state trial court denied relief with respect to all claims related to Petitioner's multiple offender proceedings—including the ineffective assistance of counsel claims that related to the multiple offender proceedings —as procedurally barred under Louisiana Code

---

[20] State Rec., Vol. II of VI, Uniform Application for Post-conviction Relief and Brief in Support, July 23, 2015.

[21] State Rec., Vol. II of VI, Uniform Application for Post-conviction Relief and Brief in Support, July 23, 2105.

of Criminal Procedure article 930.3.[22] On November 30, 2015, the state trial court denied Petitioner's remaining claims finding: (1) the claims relating to illegal search and seizure and failure to disclose the identity of the confidential informant were procedurally barred and without merit; (2) the ineffective assistance of counsel claims were speculative and conclusory; and (3) Petitioner failed to prove any deficiency in counsel's performance or any resulting prejudice.[23] On April 20, 2016, the Louisiana Fifth Circuit Court of Appeal denied Petitioner's related writ application, finding no error in the ruling of the state trial court.[24] On September 22, 2017, the Louisiana Supreme Court also denied Petitioner's related writ application.[25]

In the interim, Petitioner filed a motion to correct illegal sentence and set aside his guilty plea with the state trial court.[26] The state trial court denied the motion on August 22, 2016.[27] The Louisiana Fifth Circuit denied Petitioner's related writ application on November 2, 2016.[28] Petitioner did not seek review of the Louisiana Fifth Circuit's ruling.

On March 11, 2018, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises the following grounds for relief: (1) the state trial court erred in admitting "other crimes" evidence; (2) the state trial court erred in allowing Detective Clogher to testify regarding statements made by Yokum and Stein in violation of the Confrontation Clause; (3) the state trial court erred in denying disclosure of the identity of the confidential informant and

---

[22] State Rec., Vol. II of VI, Trial Court Order, August 19, 2015.

[23] State Rec., Vol. II of VI, Trial Court Order, November 20, 2015.

[24] State Rec., Vol. II of VI, 5th Circuit Opinion, 16-KH-109, April 20, 2016.

[25] *State ex. rel Mendez v. State*, 16-KH-0962 (La. 9/22/17); 226 So. 3d 1088.

[26] State Rec., Vol. II of VI, Motion to Correct Illegal Sentence and Set Aside Guilty Plea, August 16, 2016.

[27] State Rec., Vol. I of VI, Order, August 22, 2016.

[28] State Rec., Vol. II of VI, 5th Circuit Opinion, November 2, 2016.

the affidavit submitted in support of the search warrants contained materially false statements resulting in an illegal search and seizure; (4) the multiple offender proceedings were defective; and (5) the state trial court erred in failing to appoint counsel for post-conviction review.[29] Finally, Petitioner argues that he received ineffective assistance of counsel when: (1) trial counsel "failed to investigate available defenses prior to taking adverse actions without notice" which resulted in forfeiture of his right to have claims heard on direct appeal; (2) trial counsel failed to investigate the underlying conviction for purposes of the multiple offender adjudication; and (3) appellate counsel failed to raise any issues on appeal.[30]

On June 20, 2018, the State filed a response in opposition to the petition.[31] The State contends that certain claims are procedurally barred or alternatively, should be dismissed on the merits.[32]

**B.    *Report and Recommendation Findings***

The Magistrate Judge recommended that the petition be denied and dismissed with prejudice.[33] The Magistrate Judge noted that Petitioner failed to raise his claim regarding the admission of other crimes evidence in state court.[34] Furthermore, Petitioner would now be unable to raise the claim in state court because the claim would be procedurally barred under state law.[35]

---

[29] Rec. Doc. 3.

[30] *Id.*

[31] Rec. Doc. 15.

[32] *Id.*

[33] Rec. Doc. 16.

[34] *Id.* at 15.

[35] *Id.* at 15–16.

Therefore, the Magistrate Judge found that federal review of the claim is barred by the doctrine of procedural default.[36]

Additionally, the Magistrate Judge noted that the state courts applied a procedural bar to the following claims: (1) the state trial court erred in allowing Detective Clogher to testify regarding statements made by Yokum and Stein in violation of Petitioner's confrontation rights; (2) the state trial court erred in denying disclosure of the identity of the confidential informant and the affidavit in support of the search warrants contained materially false statements resulting in an illegal search and seizure; and (3) the multiple offender proceedings were defective.[37] Specifically, the Louisiana Fifth Circuit Court of Appeal found that the Confrontation Clause claim was not preserved for appeal because trial counsel had not raised a contemporaneous objection.[38] In the state post-conviction proceedings, both the state trial court and the Louisiana Fifth Circuit found Petitioner's claims relating to the identity of the confidential informant and the affidavit in support of the search warrants procedurally barred under Louisiana Code of Criminal Procedure article 930.4(C) for failure to raise the issues on direct appeal.[39] The Magistrate Judge found that both of these procedural rules were independent and adequate state law grounds to bar review by the federal courts.[40] The Magistrate Judge also found that Petitioner had not established the applicability of an exception to the procedural default rule that would allow the Court to review the claims on the merits because Petitioner had not established cause for his default, prejudice

---

[36] *Id*. at 17–18.

[37] *Id*. at 18–19.

[38] *Id*.

[39] *Id*. at 19.

[40] *Id*. at 22–25.

attributed thereto, or that the failure to review the defaulted claim would result in a fundamental miscarriage of justice.[41]

The Magistrate Judge addressed Petitioner's remaining ineffective assistance of counsel claims on the merits.[42] Regarding Petitioner's claim that he was entitled to relief because the state courts did not provide him with assistance of counsel to develop his claims post-conviction, the Magistrate Judge determined that the claim was without merit because there is no constitutional right to counsel on post-conviction review.[43]

Regarding Petitioner's numerous claims of ineffective assistance of counsel at trial, the Magistrate Judge found that under *Strickland*[44] Petitioner had not provided any basis to question his counsel's performance before or during trial or undermine the deference due to his counsel's trial decisions.[45] Therefore, the Magistrate Judge found that Petitioner received adequate assistance of counsel,[46] that Petitioner presented no proof that counsel did not adequately investigate and prepare for trial,[47] and Petitioner failed to show prejudice resulting from counsel's failure to seek writs.[48] The Magistrate Judge also found that trial counsel did not perform ineffectively by failing to object to the admission of hearsay.[49] The Magistrate Judge found the

---

[41] *Id.* at 31–32.

[42] *Id*. at 36–69.

[43] *Id*. at 69.

[44] *Strickland v. Washington*, 466 U.S. 668 (1984).

[45] Rec. Doc. 16 at 39–57.

[46] *Id*. at 43.

[47] *Id.* at 45–49.

[48] *Id.* at 51.

[49] *Id.* at 53–57.

introduction of hearsay statements by Stein and Yokum was harmless and Petitioner was not prejudiced by their admission because the other evidence of Petitioner's guilt was overwhelming.[50]

Additionally, the Magistrate Judge found that Petitioner did not demonstrate any deficient performance by appellate counsel or show any prejudice caused by counsel's failure to assert any claims on direct appeal.[51] Finally, construing Petitioner's claims broadly, the Magistrate Judge considered Petitioner's claim that appellate counsel performed ineffectively by failing to challenge the multiple offender adjudication and by failing to raise issues of ineffective assistance of trial counsel related to the multiple offender proceedings.[52] Specifically, Petitioner argued that his appellate counsel should have challenged the multiple offender proceedings because Petitioner was not provided an interpreter to better understand the proceedings.[53] The Magistrate Judge found that Petitioner never complained of an inability to understand English and never requested an interpreter until direct appeal.[54] Therefore, the Magistrate Judge found Petitioner's claim of ineffective assistance of appellate counsel meritless and unsupported by the record.[55]

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[56] Petitioner asserts that his claims rest on trial counsel's failure to comply with Louisiana Code of Criminal

---

[50] *Id*. at 56.

[51] *Id*. at 68–69.

[52] *Id*. at 62–69.

[53] *Id*. at 63.

[54] *Id.* at 65.

[55] *Id*. at 66.

[56] Rec. Doc. 22.

Procedure article 841 and appellate counsel's failure to raise any claims on direct appeal.[57] Further, Petitioner argues that there is no limit on this Court's discretion to review Petitioner's claims because the State "has not shown an intentional relinquishment of [Petitioner's] rights of access to federal courts to challenge [Petitioner's] trial/appellate counsel's ineffectiveness under *Strickland* and *Cronic* and the benefit of a tactical advantage guilty such relinquishment."[58]

Petitioner objects to the Magistrate Judge's finding that the state record does not support Petitioner's claim that he is unable to understand English; Petitioner re-asserts his argument that his inability to understand the proceedings resulted "in the unconstitutional forfeiture without due process."[59]

## B.    *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filings.

### III. Standard of Review

## A.    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[60] A district judge must "determine *de*

---

[57] *Id*. at 1.

[58] *Id*. at 2.

[59] *Id*. at 3.

[60] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

*novo* any part of the [Report and Recommendation] that has been properly objected to."[61] A district

court's review is limited to plain error for parts of the report which are not properly objected to.[62]

**B.    Standard of Merits Review Under the AEDPA**

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

was revised "to ensure that state-court convictions are given effect to the extent possible under

law."[63] For questions of fact, federal courts must defer to a state court's findings unless they are

"based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."[64] A state court's determinations on mixed questions of law and fact or pure

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States."[65]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court
applies a rule that contradicts the governing law set forth in the Supreme Court's
cases. A state-court decision will also be contrary to clearly established precedent
if the state court confronts a set of facts that are materially indistinguishable from
a decision of the Supreme Court and nevertheless arrives at a result different from
Supreme Court precedent. A state-court decision involves an unreasonable
application of Supreme Court precedent if the state court identifies the correct
governing legal rule from the Court's cases but unreasonably applies it to the facts
of the particular state prisoner's case.[66]

---

[61] Fed. R. Civ. P. 72(b)(3).

[62] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[63] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[64] 28 U.S.C. § 2254(d)(2).

[65] 28 U.S.C. § 2254(d)(1).

[66] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[67] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[68]

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[69] Claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[70]

## IV. Law and Analysis

### A.    *Exhaustion Doctrine and Procedural Default*

The Magistrate Judge recommended that four of Petitioner's claims be dismissed under the procedural default rule.[71] The Magistrate Judge also found that Petitioner had not established the applicability of an exception to the procedural default rule that would allow the Court to review the claims on the merits.[72] Petitioner does not object to this finding.[73] Accordingly, the Court reviews for plain error.[74]

---

[67] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[68] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[69] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[70] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

[71] Rec. Doc. 16 at 18–19.

[72] *Id.* at 31–32.

[73] Rec. Doc. 22.

[74] *Douglass*, 79 F.3d at 1428–29.

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[75] Additionally, when a petitioner has failed to exhaust state court remedies and the state court to which the petition would be required to present their claims would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review and must be dismissed.[76] In such cases, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[77]

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[78] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[79] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[80]

The Magistrate Judge found that the following claims are procedurally defaulted: (1) Petitioner's claim regarding the admission of other crimes evidence; (2) Petitioner's claim that the state trial court erred in allowing Detective Clogher to testify to hearsay statements made by

---

[75] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[76] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[77] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[78] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[79] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[80] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Yokum and Stein in violation of the Confrontation Clause; (3) Petitioner's claim that the state trial court erred in denying disclosure of the identity of the confidential informant and the affidavit in support of the search warrants contained materially false statements resulting in an illegal search and seizure; and (4) Petitioner's claim that the multiple offender proceedings were defective.[81] Petitioner does not object to this determination. He has not provided an explanation to show the applicability of the cause and prejudice exception. Petitioner also has not shown that failure to address the claims would result in a fundamental miscarriage of justice.[82] Furthermore, Petitioner does not argue that he is actually innocent of the crimes. Accordingly, the Court adopts the Magistrate Judge's finding that federal review of these claims is barred by the doctrine of procedural default.

**B.      *State Trial Court Erred in Failing to Appoint Counsel for Post-Conviction Review***

The Magistrate Judge found that Petitioner is not entitled to relief on his claim that the state courts did not provide him with assistance of counsel to develop his claims further.[83] Construing Petitioner's objections broadly, Petitioner objects to the Magistrate Judge's findings.[84] Accordingly, the Court reviews this issue *de novo*.

In the petition and objections, Petitioner cites *Martinez v. Ryan*[85] to support his assertion that the state courts were required to provide him with assistance of counsel on post-conviction review. However, in *Martinez* the Supreme Court reiterated there is no constitutional right to

---

[81] Rec. Doc. 16 at 18–19.

[82] Rec. Doc. 22.

[83] Rec. Doc. 16 at 69.

[84] Rec. Doc. 22.

[85] 566 U.S. 1 (2012).

counsel on post-conviction review.[86] Nothing in *Martinez* requires that Petitioner be provided with post-conviction assistance of counsel in the state courts or this federal court to develop his claims further. Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to relief on this claim.

## C.    *Claims of Ineffective Assistance of Counsel*

Petitioner argues that he received ineffective assistance of counsel when: (1) trial counsel "failed to investigate available defenses prior to taking adverse actions without notice" which resulted in forfeiture of his right to have claims heard on direct appeal; (2) trial counsel failed to investigate the underlying conviction for purposes of the multiple offender adjudication; and (3) appellate counsel failed to raise any issues on appeal.[87] The Magistrate Judge reviewed the claims under *Strickland*[88] and found the claims to be meritless.[89] Construing Petitioner's objections broadly, Petitioner objects to the Magistrate Judge's findings regarding his claims of ineffective assistance of counsel.[90] Accordingly, the Court reviews this issue *de novo*.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[91] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[92] To satisfy the deficient

---

[86] *Id*. at 13.

[87] Rec. Doc. 3.

[88] *Strickland*, 466 U.S. at 668.

[89] Rec. Doc. 16 at 36–69.

[90] Rec. Doc. 22.

[91] *Strickland*, 466 U.S. at 697.

[92] *Id.*

performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[93] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[94] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[95] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[96] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[97]

The state courts rejected Petitioner's claims of ineffective assistance of counsel on the merits.[98] Because such claims present mixed questions of law and fact, this Court must defer to the decision of the state court unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[99]

The United States Supreme Court has explained that in considering a petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under

---

[93] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[94] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[95] *See Strickland*, 466 U.S. at 689.

[96] *Id*. at 694.

[97] *Id*.

[98] *State ex rel. Mendez*, 226 So. 3d at 1088.

[99] 28 U.S.C. § 2254(d)(1)). *State ex. rel Mendez*, 226 So. 3d at 1088.

*Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[100] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[101] Thus, this standard is considered "doubly deferential" on habeas corpus review.[102]

       *1.    Constructive Denial of Counsel*

       Construing broadly Petitioner's argument that he was constructively denied counsel due to counsel's inadequate performance before and during trial,[103] the Magistrate Judge found that Petitioner had not met his burden of showing that he was constructively denied counsel.[104] The Magistrate Judge further noted that Petitioner's counsel subjected the prosecution's case to "meaningful adversarial testing at each stage."[105]

       Petitioner asserts that his trial counsel was ineffective because trial counsel "failed to investigate available defenses prior to taking adverse actions without notice," which resulted in forfeiture of his right to have claims heard on direct appeal, and trial counsel failed to investigate the underlying conviction for purposes of the multiple offender adjudication.[106] Petitioner also asserts his appellate counsel was ineffective due to failure to assert available issues on appeal.[107] Petitioner states that his counsel made no contemporaneous objection during trial to the testimony

---

[100] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[101] *Id.*

[102] *Id.*

[103] Rec. Doc. 3 at 29–30.

[104] Rec. Doc. 16 at 41.

[105] *Id.* at 42.

[106] Rec. Doc. 3.

[107] *Id.*

of Detectives Alvarado, Klien, and Clogher.[108] In the petition, Petitioner specifically brings up the standard of *United States v. Cronic*.[109]

In *United States v. Cronic*,[110] the Supreme Court held that a defendant may be constructively denied counsel, even though an attorney was appointed to represent him. The *Cronic* standard applies only when counsel has entirely failed to challenge the prosecution's case.[111] The Fifth Circuit Court of Appeals has held that the petitioner has the burden to show that he was constructively denied counsel.[112]

In the instant case, Petitioner does not allege or show that his counsel entirely failed to challenge the prosecution's case. In fact, the state trial court's records show that Petitioner's counsel challenged the prosecution both before and during trial. Before trial, Petitioner's counsel filed omnibus motions, including a motion to suppress evidence.[113] The state trial court denied the motion to suppress evidence.[114] Counsel then filed a motion to continue the trial to locate a witness; the state trial court denied that motion as well.[115] Finally, counsel for Petitioner filed a motion for disclosure of the identity of a confidential informant, which the state trial court denied.[116] Clearly,

---

[108] *Id*. at 19.

[109] Rec. Doc. 3 at 29.

[110] 466 U.S. 648 (1984).

[111] *Bell v. Cone*, 535 U.S. 685, 697 (2002).

[112] *Childress v. Johnson*, 103 F.3d 1221, 1228, 1231–32 (5th Cir. 1997).

[113] State Rec., Vol. I of VI, Omnibus Motions and Order for Pre-Trial Motions, January 31, 2012.

[114] State Rec., Vol. I of VI, Minute Entry, November 15, 2012.

[115] State Rec., Vol. I of VI, Motion to Continue Trial, March 1, 2013. State Rec., Vol. I of VI, Minute Entry, March 3, 2012.

[116] State Rec., Vol. I of VI, Minute Entry, March 11, 2013.

Petitioner's counsel challenged the prosecution's case several times. Therefore, Petitioner was not constructively denied counsel.

###### 2.     Whether Trial Counsel was Ineffective for Failing to Investigate Available Defenses and Prepare for Trial

Petitioner claims that trial counsel "failed to investigate available defenses prior to taking adverse actions without notice … resulting in unconstitutional forfeiture … to have claims heard on direct appeal."[117] Petitioner refers to Louisiana Criminal Code of Procedure article 841, but does not specify how his counsel failed to investigate defenses and prepare for trial.[118] In Petitioner's state court application for post-conviction relief, he more specifically claimed that trial counsel failed to prepare for trial, failed to interview and call Yokum and Stein to testify, failed to adequately move for a continuance, and failed to file for writs and move for a stay when the motion for continuance was denied.[119]

The Fifth Circuit has ruled that "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[120] A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown.[121] In the instant case, Petitioner does not explain how his counsel did not adequately investigate the case and prepare for trial. The record reflects that Petitioner's counsel attempted to locate Stein

---

[117] Rec. Doc. 3 at 30.

[118] *Id.*

[119] Rec. Doc. 16 at 43.

[120] *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011).

[121] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007).

and filed a motion to continue the trial to locate Stein.[122] The record also reflects that Stein provided negative statements about Petitioner to detectives.[123]

Petitioner has failed to present any evidence to show that if Stein had been available to testify she would have provided favorable testimony that contradicted her statements to detectives. Petitioner also presents no evidence to show Yokum, Petitioner's co-defendant, would have testified favorably to his defense. Accordingly, Petitioner has not established that his counsel performed ineffectively by failing to prepare for trial, interview and call Yokum and Stein to testify, adequately move for a continuance, and file for writs or move for a stay when the motion for continuance was denied.

3.   *Whether Trial Counsel was Ineffective for Failure to Object to Introduction of Certain Evidence*

a.   Identity of Confidential Informant and Affidavit in Support of Search Warrants

Petitioner claims that his counsel failed to discover the identity of the confidential informant; Petitioner also claims that counsel failed to object to the "false" information contained in the affidavit supporting the search warrants.[124] However, the record reflects that trial counsel filed a motion for disclosure of the identity of the confidential informant.[125] The trial court denied the motion.[126] An adverse ruling to trial counsel's motion does not establish ineffective assistance

---

[122] State Rec., Vol. I of VI, Motion to Continue Trial, March 1, 2013; Minute Entry, March 11, 2013; Motion for New Trial and for Post-Verdict Judgment of Acquittal, March 27, 2013.

[123] According to Detective Clogher, Stein told him that Mendez sold cocaine and that he stored it in a black lockbox at Yokum's residence. State Rec. Vol. IV of VI, Trial Transcript, pp. 116–20, March 13, 2013.

[124] Rec. Doc. 3.

[125] State Rec., Vol. I of VI, Motion for Disclosure of the Identity of the Confidential Informant. March 4, 2013.

[126] State Rec., Vol I of VI, Minute Entry, March 11, 2013.

of counsel.[127] Accordingly, Petitioner has failed to show prejudice resulting in counsel's failure to discover the identity of the confidential informant.

Additionally, under Louisiana law, a defendant is not entitled to the disclosure of the identity of the confidential informant when the information provided by the informant is not the basis of the arrest or conviction.[128] In the underlying case, the confidential informant provided information that resulted in a "controlled buy" observed by the police.[129] The police obtained a search warrant after observing the controlled buy and the drugs found as a result of the search resulted in the charges in the Bill of Information.[130] Therefore, Petitioner was not entitled to the disclosure of the identity of the confidential informant because the information from the confidential informant did not form the basis for Petitioner's arrest and conviction.

Finally, regarding Petitioner's claims that the informant made false statements to police and police could not see the controlled buy, Petitioner's counsel questioned witnesses about the reliability of the informant's information and attempted to impeach the credibility of the detective who witnessed the controlled buy.[131] Petitioner presents no evidence to support his statement that the affidavit the police submitted in support of the search warrants contained false information. Accordingly, Petitioner has failed to establish that information in the affidavit was false or that counsel performed deficiently by failing to challenge the affidavit.

---

[127] *Mitchell v. Leblanc*, No. 16-31003, 2017 WL 6276121 (5th Cir. July 5, 2017).

[128] *State v. Smith*, 09-KA-259 (La. App. 5 Cir. 11/25/09); 28 So. 3d 1092, 1097–98.

[129] State Rec., Vol. IV of VI, Louisiana Fifth Circuit Court of Appeal Opinion, 13-KA-909, pp. 3–6, April 23, 2014.

[130] *Id*.

[131] State Rec., Vol. III of VI, Hearing Transcript, pp. 12–16, 19–20, 25–39, 78–82. November 15, 2012.

    b.   Testimony by Detective Clogher Regarding Hearsay Statements from Stein and Yokum

Petitioner claims that his trial counsel was ineffective for failing to object to testimony by Detective Clogher regarding statements of Stein and Yokum, who did not testify at trial.[132]

The United States Supreme Court has held that the Confrontation Clause of the Sixth Amendment prohibits admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination."[133] Confrontation Clause violations are subject to harmless error analysis.[134] A federal court may grant habeas relief on account of constitutional error only if the error had a "substantial and injurious effect or influence in determining the jury's verdict" and resulted in "actual prejudice."[135] To assess error, federal courts "consider the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and of course, the overall strength of the prosecution's case."[136]

In the instant case, Detective Clogher testified that he spoke to Stein and Yokum after Petitioner was arrested.[137] On cross-examination, Petitioner's trial counsel asked Detective

---

[132] Rec. Doc. 3.

[133] *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004).

[134] *Fratta v. Quarterman*, 536 F.3d 485, 507–508 (5th Cir. 2008); *Bullcoming v. New Mexico*, 564 U.S. at 668 n.11.

[135] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see Delaware v. Van Arnsdall*, 475 U.S. 673, 684 (1986) (if the reviewing court determines beyond a reasonable doubt that the error was harmless, then the petitioner is not entitled to relief.)

[136] *United States v. Edwards*, 303 F.3d 606, 623 (5th Cir. 2002).

[137] State Rec., Vol. IV of VI, Trial Transcript, pp. 83–84, 100, 106–15, March 13, 2013.

Clogher about the statements made by Stein and Yokum.[138] In response to those questions, Detective Clogher testified that Yokum admitted that he found cocaine residue on a counter and that Stein, who had lied to police about her name and was an admitted cocaine user, told police where to find cocaine in Petitioner's truck and that she had seen a black box in Yokum's bedroom.[139]

On re-direct examination, Detective Clogher testified that Stein told police that Petitioner sold and gave Stein cocaine and that he hid the cocaine in a hidden compartment in his truck.[140] According to Detective Clogher, Stein also said that Petitioner stored his cocaine in a black box kept at Yokum's residence and that Petitioner would retrieve the cocaine while his buyers waited at Petitioner's residence.[141] Detective Clogher testified that Yokum told him that he had seen Petitioner in possession of cocaine, that he allowed Petitioner to store a black lockbox at his residence, and that he knew there was money in the box.[142] Defense counsel did not object to the testimony.

Although it was likely error to admit the hearsay statements of Stein and Yokum, Petitioner has not shown that his counsel performed ineffectively by failing to object to the admission of the evidence because the error was harmless. There was significant other evidence that supported Petitioner's guilt. Trial testimony established that after detectives observed Petitioner carrying a white packet, they conducted a traffic stop, and searched Petitioner and his vehicle, leading to the

---

[138] *Id.* at 106–08, 110–15.

[139] *Id.* at 106, 107, 111, 114–15.

[140] *Id.* at 115–17.

[141] *Id.* at 117–20.

[142] *Id.* at 122–23.

discovery of illegal drugs.[143] The trial record shows the other evidence of Petitioner's guilt was overwhelming; therefore, the introduction of the hearsay statements was harmless and Petitioner has not shown that he was prejudiced by the introduction of the statements. Because Petitioner has failed to show prejudice as a result of his trial counsel's failure to object, he is not entitled to relief on this claim.

### 4.   Whether Appellate Counsel was Ineffective

#### a.   Appellate Counsel's Failure to Raise Certain Issues

Petitioner claims that his appellate counsel was ineffective because counsel did not raise the Confrontation Clause issue, the issue regarding the identity of the confidential informant, the statements contained in the affidavit underlying the search warrants, and the habitual offender proceedings.[144] The United States Supreme Court has ruled that *Strickland*'s standard applies to claims of ineffective appellate counsel.[145] The Fifth Circuit has explained that to prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a nonfrivolous issue and establish a reasonable probability that he would have prevailed on this issue on appeal but for his counsel's deficient representation.[146] Additionally, appellate counsel has the discretion to exclude even a nonfrivolous issue if that issue was unlikely to prevail.[147]

---

[143] *Id*. at 28–29, 35–36, 75–77.

[144] Rec. Doc. 3.

[145] *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[146] *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

[147] *Penson v. Ohio*, 488 U.S. 75, 83–84, 109 (1988).

As discussed in detail above, Petitioner's trial counsel did not object to the introduction of hearsay evidence.[148] Louisiana Code of Criminal Procedure article 841, requires an objection to preserve a claim for review on direct appeal. Because trial counsel did not object, appellate counsel could not raise the claim on appeal. Petitioner also raised the Confrontation Clause issue himself on direct appeal. Furthermore, as discussed above, the introduction of the evidence was harmless because there was sufficient evidence to support Petitioner's conviction, without references to the statements of Stein and Yokum.[149] Accordingly, Petitioner's instant claim fails because he cannot show a reasonable probability that he would have prevailed on appeal if the issue had been raised by counsel.

Regarding the identification of the confidential informant and the affidavit in support of the search warrants, as discussed above, Petitioner was not entitled to the disclosure of that information under Louisiana law nor did Petitioner establish that information in the affidavit was false. Accordingly, Petitioner's instant claim fails because he cannot show a reasonable probability that he would have prevailed on appeal if the issue had been raised.

      b.    Appellate Counsel's Failure to Challenge Multiple Offender Proceedings and Sentence

Petitioner argues his appellate counsel failed to challenge the multiple offender proceedings based on the fact that he was not provided an interpreter to better understand the proceedings.[150] The Magistrate Judge found that Petitioner never complained of an inability to understand English and never requested an interpreter until direct appeal.[151] Therefore, the

---

[148] State Rec., Vol. IV of VI, Trial Transcript, pp.83–122, March 13, 2013.

[149] *Mendez*, 140 So. 3d at 292.

[150] *Id*. at 63.

[151] *Id.* at 65.

Magistrate Judge found that Petitioner's claim of ineffective assistance of appellate counsel was meritless and unsupported by the record.[152]

Louisiana law requires the trial court to advise a defendant of the allegations contained in the multiple offender bill of information, his right to a hearing, and his right to remain silent.[153] Under Louisiana case law, a defendant intelligently waives his rights if the record reflects that the defendant was advised of his multiple offender rights by the trial judge and/or his counsel.[154] Additionally, Louisiana Code of Criminal Procedure article 25.1 requires that a court appoint an interpreter upon request by a non-English speaking person after consultation with the non-English-speaking person or his attorney. The Louisiana Supreme Court has held that the "appointment of a qualified language interpreter based on an adequate showing of a defendant's inability to understand the proceedings in English is within the [trial] court's discretion."[155]

Here, the record reflects that Petitioner never complained of an inability to understand English and never requested an interpreter during the state trial proceedings. Before the multiple offender proceedings, Petitioner executed a waiver of rights form which advised him of his rights, including his rights to an attorney, to remain silent and to a hearing at which the State would have to prove his multiple offender status, the potential sentencing range as a second felony offender, and the negotiated sentence.[156] During the plea colloquy, the state trial court orally advised Petitioner of his rights, and Petitioner repeatedly acknowledged that he understood his rights and

---

[152] *Id*. at 66.

[153] La. Rev. Stat. § 15:529.1

[154] *State v. Hart*, 10-905 (La. App. 5 Cir. 5/10/11); 66 So. 3d 44, 48.

[155] *State v. Lopes*, 2001-1383 (La. 12/7/01); 805 So. 2d 124, 128.

[156] State Rec. Vol. III of VI, Waiver of Rights - Plea of Guilty, May 28, 2013.

wished to waive them and enter a guilty plea to the multiple offender bill.[157] Additionally, when Petitioner was read his *Miranda* rights in English and Spanish, he stated to the detective that he understood both languages.[158]

Petitioner's claim that he did not understand the multiple offender proceedings is unsupported by the record. Petitioner has provided no evidence to contradict the record. As discussed above, appellate counsel is not required to bring baseless claims on direct appeal. Appellate counsel's failure to assert these baseless claims on direct appeal cannot be deemed either deficient performance or prejudicial, since there was no reasonable probability that these arguments would have prevailed on appeal. Accordingly, Petitioner's instant claim fails because he cannot show a reasonable probability that he would have prevailed on appeal if the issue had been raised.

## V. Conclusion

For the reasons stated above, the Court finds that the following claims are procedurally defaulted: (1) Petitioner's claim that the trial court erred in allowing certain testimony; (2) Petitioner's claim that the state trial court erred in denying disclosure of the identity of the confidential informant and the affidavit in support of the search warrants contained materially false statements resulting in an illegal search and seizure; (3) Petitioner's claim that the state court erred in allowing admission of other crimes evidence; and (4) Petitioner's claim that the multiple offender proceedings were defective. Furthermore, Petitioner has failed to overcome the procedural bar to these claims. Moreover, Petitioner has not established that the state courts' denial

---

[157] State Rec. Vol. IV of VI, Multiple Bill Hearing Transcript, pp. 6-12, May 28, 2013.

[158] State Rec. Vol. III of VI, Hearing Transcript, p. 22, November 15, 2012.

of relief on Petitioner's ineffective assistance of counsel claims was contrary to or an unreasonable application of Supreme Court law. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Petitioner Jose Mendez's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this _22nd_ day of March, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**